UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DRENA P.,

                              Plaintiff,

        v.

ACTING COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.

Case No. 3:23-cv-05877-TLF

ORDER AFFIRMING
DEFENDANT'S DECISION TO
DENY BENEFITS

        Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

defendant's denial of plaintiff's application for supplemental security income ("SSI") and

disability insurance benefits ("DIB") Pursuant to 28 U.S.C. § 636(c), Federal Rule of

Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this

matter heard by the undersigned Magistrate Judge. Dkt. 5. Plaintiff challenges the

Administrative Law Judge's decision finding that plaintiff was not disabled. Dkt. 3,

Complaint.

        Plaintiff previously filed an application for DIB and SSI alleging disability

beginning December 2016 which was denied initially and upon review and affirmed on

appeal to this court and the Ninth Circuit. *See Putz v. Kijakazi*, No. 21-35733, 2022 WL

6943095 (9th Cir. Oct. 12, 2022).

On July 31, 2020 plaintiff filed the current application for DIB and SSI alleging a disability onset date of December 31, 2016. AR 250-56. Plaintiff's date last insured for the purposes of DIB was June 30, 2021.

Her application was denied initially and upon reconsideration. *See* AR 160-62, 159. On July 7, 2022, a hearing was conducted by Administrative Law Judge ("ALJ") Lawrence Lee. AR 36-77. On August 18, 2022, ALJ Lee issued a decision finding plaintiff not to be disabled. AR 12-35. On October 12, 2022 the Appeals Council denied the request for review. AR 7-8. Plaintiff filed this appeal.

The ALJ found plaintiff had the following severe impairments: morbid obesity, status post right ankle open reduction and internal fixation, right knee osteoarthritis, and bilateral foot osteoarthrosis status post right ostectomy, lumbar degenerative disc disease, fibromyalgia, depression, and anxiety. AR 18. Accordingly, the ALJ determined plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with the following additional restrictions:

> She could stand/walk for four hours in an eight-hour workday. She could frequently handle, finger, and feel bilaterally. She could occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. She could occasionally stoop but never kneel, crouch, or crawl. She could never work at unprotected heights, occasionally work with moving mechanical parts, and frequently work in dust, odors, fumes, pulmonary irritants, extreme cold, extreme heat, and vibration. She could interact frequently with coworkers and occasionally with the Public.

AR. 21. As a result, the ALJ found plaintiff could perform the requirements of the following occupations: Collator (DOT 208.685-010), Small Products Assembler (DOT 706.684-022), and Production Assembler (DOT 706.687-010). AR 29.

## STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Medical evidence.**

Plaintiff challenges the ALJ's assessment of the opinions of Dr. Melanie S. Orencia, M.D., Ms. Marquetta Washington, N.P., Dr. Michael Clark, M.D., Dr. Robert G. Veith, M.D., Dr. Lezlie A. Pickett, and the non-examining physicians. Dkt. 9 at 3-6.

Plaintiff filed the claim on July 31, 2020 so the ALJ applied the 2017 regulations. *See* AR. 250. Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including  those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

1    The Ninth Circuit considered the 2017 regulations in *Woods v. Kijakazi*, 32 F.4th

2  785 (9th Cir. 2022). The Court found that "the requirement that ALJ's provide 'specific

3  and legitimate reasons'[1] for rejecting a treating or examining doctor's opinion…is

4  incompatible with the revised regulations" because requiring ALJ's to give a "more

5  robust explanation when discrediting evidence from certain sources necessarily favors

6  the evidence from those sources." *Id.* at 792. Under the new regulations,

7         an ALJ cannot reject an examining or treating doctor's opinion as
         unsupported or inconsistent without providing an explanation supported by
8         substantial evidence. The agency must "articulate ... how persuasive" it
         finds "all of the medical opinions" from each doctor or other source, 20
9         C.F.R. § 404.1520c(b), and "explain how [it] considered the supportability
         and consistency factors" in reaching these findings, *id.* § 404.1520c(b)(2).
10  *Id*.

11   A.  Dr. Melanie S. Orencia, M.D.

12        Plaintiff argues the ALJ erred by failing to discuss Dr. Orencia's October 2020

13  opinion. Dkt. 9 at 4. Defendant responds that Dr. Orencia's letter is not an opinion

14  regarding plaintiff's functional capacity because it does not describe what plaintiff can

15  do despite her limitations, Dkt. 11 at 11, and defendant argues plaintiff cannot show

16  harm for any failure to weigh the October 2020 letter because the ALJ accounted for the

17  limitations opined by Dr. Orencia in the RFC. *Id*. at 12.

18        On October 23, 2020, Dr. Orencia provided a letter that described plaintiff's pain

19  and treatment history. AR 1405. She stated that she is treating plaintiff for knee pain,

20  back pain, fibromyalgia, major depressive disorder, anxiety and migraine. *Id*. Dr.

21  Orencia stated that plaintiff's knee and back pain are aggravated by prolonged sitting or

22

23  _____

[1] *See Murray v. Heckler,* 722 F.2d 499, 501 (9th Cir. 1983) (describing the standard of "specific and legitimate
24  reasons").

25

1    standing. *Id*. She also stated that plaintiff's fibromyalgia flares up with stress and

2    fatigue. *Id*.

3        The regulations define a medical opinion as "a statement from a medical source

4    about what you can still do despite your impairment(s) and whether you have one or

5    more impairment related restrictions." 20 C.F.R. § 404.1513. These restrictions include

6    the ability to perform physical, mental, and other demands of work, and the ability to

7    adapt to environmental conditions. *Id*.

8        The Court agrees that Dr. Orencia's letter does not fit the definition of a medical

9    opinion that the ALJ would be required to address, because it does not describe

10   functional limitations. Furthermore, plaintiff is unable to show that any error was harmful

11   because the ALJ restricted plaintiff to walking four hours in an eight hour workday,

12   which is consistent with Dr. Orencia's statement that plaintiff's back and knee pain is

13   aggravated by standing or sitting for prolonged periods of time. An error that is

14   inconsequential to the non-disability determination is harmless. *Stout v. v. Comm'r, Soc.*

15   *Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)).

16   B.  Ms. Marquetta Washington, N.P.

17       Plaintiff argues that the ALJ's evaluation of Ms. Washington's opinion is not

18   supported by substantial evidence. Dkt. 9 at 4-5.

19       In her report dated March 25, 2022, Ms. Washington issued a

20   disability/incapacity determination on behalf of the Washington State Department of

21   Social and Health Services. AR 1498-1500. She opined plaintiff would have a significant

22   (moderate) limitation in the following work related abilities: environmental/ non-

23   exertional restrictions, postural restrictions, gross or fine motor skill restrictions, perform

24

25

activities within a schedule, maintain regular attendance and be punctual within customary tolerances. AR 1499. She opined plaintiff could perform sedentary work, including: lift 10 pounds maximum, frequently lift to carry small articles such as files or small tools, and sit for most of the day; walk or stand for brief periods. *Id*.

The ALJ found Ms. Washington's opinion to be not persuasive because it was inconsistent and unsupported by the medical evidence. AR 26. Specifically, the ALJ noted that "[t]he medical evidence generally shows that the claimant ambulated without difficulty and demonstrated normal strength at 5 of 5, normal reflexes, and intact sensation throughout all extremities." *Id*. The ALJ also noted that plaintiff's symptoms and pain improved with conservative treatment. *Id*.

Inconsistency with the medical evidence is a valid reason to reject a medical opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008). Plaintiff argues that the ALJ's analysis is not supported by substantial evidence, as it is consistent with of Dr. Orencia and Dr. Veith's opinions, clinical findings of Dr. Orencia, Dr. Veith, Dr. Komenda, Dr. Jackman, Dr. Kim, Dr. Van Bergeyk, Dr. Charboneau, Dr. Alradawi, Mr. Dicks, and Ms. Hayes. Dkt. 9 at 5.  Plaintiff also states that the findings cited by the ALJ and the evidence of improvement and pain relief do not invalidate Ms. Washington's opinion. *Id*. "[T]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.")

1    Here, the ALJ provided a thorough summary of the medical evidence, citing

2    evidence where, on examination, plaintiff ambulated without difficulty (Dr. Washington's

3    opinion is inconsistent with this, because Dr. Washington found plaintiff would need to

4    sit for most of the day; and could only walk or stand for brief periods), demonstrated

5    normal strength, normal reflexes, and intact sensation. AR 23-24 (citing AR 500, 557,

6    583, 591, 598, 605, 626, 673, 695, 1338-39, 1354, 1361, 1368-69, and 1444-45).

7    Inconsistency with the medical evidence is a valid reason to reject a medical opinion.

8    *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008).

9    The ALJ also cited evidence in the record where plaintiff demonstrated

10    improvement with conservative treatment. AR 23-24 (citing AR 626, 1324, 1328. 1334,

11    1439, 1512). This was also a clear and convincing reason, supported by substantial

12    evidence, for rejecting Dr. Washington's opinion. 20 C.F.R. § 404.1529(c)(3)(iv);

13    *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment

14    successfully relieving symptoms can undermine a claim of disability); *see also*

15    *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481

16    F.3d 742, 750-51 (9th Cir.2007) (stating that "evidence of 'conservative treatment' is

17    sufficient to discount a claimant's testimony regarding severity of an impairment").

18    Accordingly, the ALJ did not err in discounting Ms. Washington's opinion.

19    C.   Dr. Michael Clark, M.D.

20    Plaintiff challenges the ALJ's assessment of Dr. Clark's opinion. Dkt. 9 at 5-6.

21    On May 19, 2018 Dr. Clark completed a psychiatric evaluation of plaintiff

22    consisting of a review of records, a mental status examination, and a functional

23    assessment/medical source statement. AR 574-79. Dr. Clark opined that plaintiff could

24

25

perform simple and repetitive tasks but would have difficulty with detailed and complicated tasks. AR 578. She would have difficulty maintaining a regular attendance and completing a normal workday or workweek without interruptions from psychologically based symptoms. *Id*. She would have difficulty dealing with workplace stress which would exacerbate her mood, anxiety, and possibly pain complaints. AR 579.

The ALJ found Dr. Clark's opinion to be not persuasive on the basis that it was inconsistent with and unsupported by the medical record which showed no mental health treatment and improvement with medication. AR 27.

Plaintiff argues that the ALJ's opinion is not supported by substantial evidence because Dr. Orencia was treating plaintiff's depression and anxiety and plaintiff's improvement with treatment "does not justify the ALJ's rejection of evidence regarding her ongoing symptoms." Dkt. 9 at 6.

"If the frequency or extent of the treatments sought by an individual is not comparable with the degree of the individual's subjective complaints...we may find the alleged intensity and persistence of [her] symptoms are inconsistent with the overall evidence of record." SSR 16-3p. Despite alleging a long history of depression, plaintiff acknowledged that she had not had any specific mental health care for a few years before the evaluation with Dr. Clark. AR 574-75. Additionally, plaintiff testified at the hearing that she is not in any sort of mental health treatment and had not been for approximately seven years. AR 56.

Plaintiff cites only one instance in the record indicating that Dr. Orencia was treating plaintiff's anxiety and depression. Dkt. 9 at 6 (citing AR 1405). In this note Dr.

1   Orencia stated "I am treating her for...major depressive disorder, [and] anxiety." AR

2   1405. The only other note by Dr. Orencia regarding plaintiff's mental health treatment is

3   that plaintiff presented for medication review and refills and states that "[p]atient has

4   mild persistent...depression and anxiety...which are all stable on her medications."

5   AR1438-39.

6       The ALJ did not err in finding that the lack of mental health treatment in the

7   record undermined the limitations opined by Dr. Clark. Accordingly, the ALJ provided a

8   clear and convincing reason to discount Dr. Clark's opinion. Therefore, any error related

9   to the other reasons listed by the ALJ would be harmless. *Carmickle v. Comm'r, Soc.*

10  *Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

11      D.  Dr. Robert G. Veith, M.D.

12      Plaintiff challenges the ALJ's assessment of Dr. Veith's opinion. Dkt. 9 at 6.

13      On July 17, 2018, Dr. Veith conducted a physical examination of plaintiff and

14  provided a physical medical source statement. AR 500-06. Dr. Veith diagnosed plaintiff

15  with osteoarthritis, both mid feet, with associated foot discomfort with prolonged

16  standing. AR 501. He opined that it would be preferable that her work not require

17  prolonged walking or standing. *Id*. However, he stated that the job description was not

18  medically necessary, her foot symptoms and conditions were stable, and "further

19  aggressive treatment is not required other than appropriate footwear and anti-

20  inflammatory medication as needed." *Id*.

21      The ALJ found Dr. Veith's opinions partially persuasive as consistent with and

22  supported by the medical evidence including that plaintiff ambulates without difficulty,

23  demonstrated normal strength of 5 of 5, normal reflexes, and intact sensation

24

25

1   throughout all extremities. AR 27. The ALJ also noted that the medical evidence

2   showed symptom improvement and pain relief with conservative treatment. *Id*.

3          Plaintiff alleges that the ALJ did not acknowledge that Dr. Veith only described

4   foot-related limitations and the ALJ failed to accept Dr. Veith's opinion regarding walking

5   and standing limitations. Dkt. 9 at 6. Defendant responds that there is no evidence to

6   suggest that the ALJ understood Dr. Veith's opinion to relate to any of plaintiff's other

7   impairments and Dr. Veith's statement regarding standing and walking limitations was a

8   recommendation, rather than a statement of plaintiff's functional capacity. Dkt. 11 at 15.

9          As to the first point, plaintiff has not identified any error and there is no evidence

10  that the ALJ considered Dr. Veith's opinion to relate to any of plaintiff's conditions other

11  than her foot-related limitations. See Dkt. 9 at 6.

12         As for plaintiff's second point, the ALJ did not reject this statement – the ALJ

13  found Dr. Veith's opinions partially persuasive. Dr. Veith did not state a specific

14  functional limitation but instead stated a precatory idea that "it would definitely be

15  preferable if she could be in a line of work that did not require prolonged standing and

16  walking. Again, it would be preferable that she avoid prolonged standing and walking,

17  but essentially, the job description is not medically necessary." AR 501. An ALJ is not

18  required to incorporate a physician's precatory recommendations when formulating the

19  residual functional capacity ("RFC"). *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533

20  F.3d 1155, 1165 (9th Cir. 2008) (the ALJ does not err in rejecting a physician's proposal

21  when it is framed as a recommendation rather than an imperative); *Valentine v. Comm'r*

22  *of Soc. Sec. Admin.*, 533 F.3d 685, 691-92 (9th Cir. 2009) (an ALJ does not err by

23  excluding recommendations from the residual functional capacity finding).

24

25

1    Therefore, the ALJ did not err in assigning partial weight to Dr. Veith's opinion

2    and, as discussed above, the inconsistency regarding evidence that plaintiff ambulates

3    without difficulty, demonstrated normal strength, normal reflexes, and intact sensation,

4    was a clear and convincing reason supported by substantial evidence for discounting

5    the opinion.

6        E.  Lezlie A. Pickett

7    Plaintiff challenges the ALJ's assessment of Dr. Pickett's opinion on the basis

8    that "in a previous case involving another claimant, the ALJ was informed that Dr.

9    Pickett had lied in a consultative psychological report she prepared for Social Security

10   on April 9, 2021, just over two months after her report in this case." Dkt. 9 at 7.

11   Defendant responds that plaintiff provides no support for this allegation and therefore

12   this argument presents no basis to reconsider the ALJ's decision. Dkt. 11 at 15.

13   On January 29, 2021, Dr. Pickett examined plaintiff and completed a disability

14   evaluation. AR 1407-13. Dr. Pickett opined that plaintiff "currently appears able to obtain

15   and maintain full time employment." AR 1413. She also opined that plaintiff would have

16   little or no trouble with simple or complex instructions, little or no trouble making simple

17   or complex decisions, and would not likely have a significant impairment in her thinking

18   and reasoning abilities. *Id*. She concluded that plaintiff's mental health symptoms do not

19   limit her from being able to sustain and persist for a normal work week. *Id*.

20   The ALJ found Dr. Pickett's opinions persuasive on the basis that they are

21   generally consistent and supported by the medical record. AR 27.

22   Plaintiff's attorney, Eitan Yanich, submitted a declaration stating: "[o]n December

23   6, 2021, ALJ Lee issued a decision in a case where I was representing a claimant. That

24

25                                           11

claimant had been evaluated by Lezlie Pickett, Ph.D, and his hearing testimony proved that Dr. Pickett had made a number of false statements in her report." Dkt. 16 at 1. Mr. Yanich attested that he has reported this to a second ALJ, the state agency, the Department of Health, and the SSA Office of General Counsel. *Id*. at 1-2.

Although Mr. Yanich states that ALJ Lee was the ALJ in both this case and in the previous case where Dr. Pickett allegedly made false statements, there is no evidence in the record that plaintiff raised Dr. Pickett's credibility either to the ALJ or to the Appeals Council. Mr. Yanich states that proof of this has been provided to the state agency, the Department of Health, and to the Office of General Counsel, but he does not state that a formal finding or decision has been rendered by any of those agencies. *See* Dkt. 16.

Plaintiff does not allege that Dr. Pickett has falsified information in this case. Plaintiff argues that "[t]he Commissioner's continued reliance upon and defense of medical evidence from a dishonest expert witness calls into question whether the Commissioner is impartially administering the disability adjudication process." Dkt. 15 at 3.  Because plaintiff does not present any evidence that Dr. Pickett is under investigation, that a decision has been rendered regarding this medical professional's reliability, or that Dr. Pickett falsified any information in this case, plaintiff has not shown error.

F.   Non-examining physicians

Plaintiff challenges the ALJ's assignment of partial weight to Dr. Robert Stuart, M.D., Dr. Tom Dees, M.D., Dr. Eugene Kester, M.D., and Dr. Don B. Johnson, Ph.D. Dkt. 9 at 10-11.

i.       Dr. Robert Stuart, M.D. and Dr. Tom Dees, M.D.

Plaintiff challenges the ALJ's assessment of Dr. Stuart and Dr. Dees on the basis that these examiners are lacking in supportability and consistency, and specifically, that they erroneously found no documentation of fibromyalgia. Dkt. 9 at 10.

On February 3, 2021, Dr. Stuart opined that plaintiff could occasionally lift 20 pounds and frequently lift 10 pounds, could stand/walk and sit approximately 6 hours in an 8-hour workday, could occasionally climb ramps/stairs, could never climb ladders/ropes/scaffolds, could occasionally stoop, kneel, or crouch, could never crawl, did not have manipulative, visual or communicative limitations but did have environmental limitations. AR 125-127. On December 20, 2021, Dr. Dees opined the same limitations. AR 148-151. Both doctors noted no documentation of fibromyalgia. AR 127, 151.

The ALJ found Dr. Stuart and Dr. Dees' opinions to be partially persuasive because they are generally supported by and consistent with the objective medical evidence, noting that plaintiff ambulates without difficulty, demonstrated 5 out of 5 strength normal reflexes, had intact sensation throughout all extremities, and showed symptom improvement and pain relief with conservative treatment. AR 26. However, the ALJ found plaintiff could only stand/walk for four hours in an eight-hour workday. *Id*.

Plaintiff argues that Dr. Alradawi diagnosed plaintiff with fibromyalgia in contrast to the doctors' statements that there was no documentation of fibromyalgia in the record. Dkt. 9 at 10. Plaintiff points to a February 12, 2019 note by Dr. Alradawi that states "49-year-old female with slight elevation in CRP of 12.4 on 1/19/2018. We will need to rule out spondyloarthropathies. Other explanation for her pain includes

fibromyalgia" and a March 8, 2019 notes that states "49-year-old-female with a slight elevation in C-reactive protein without any evidence of spondyloarthropathy. MRI results from Swedish Hospital showed a lumbar disc extrusion at L5-S1 of 0.7 cm without significant central canal stenosis or neural foraminal stenosis." AR 557, 565-567.

Defendant argues that the notes plaintiff cites reflect that Dr. Alradawi's notes were in regard to an attempt to rule out spondyloarthropathies and suggested that fibromyalgia was an explanation for plaintiff's pain. Dkt. 11 at 16. The Court agrees, the notes do not constitute a diagnosis as plaintiff suggests, and even if plaintiff were able to show error, the ALJ included fibromyalgia as a severe impairment in the RFC. *See Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)).

    ii.    <u>Dr. Eugene Kester, M.D., and Dr. Don B. Johnson, Ph.D.</u>

On February 3, 2021, Dr. Kester opined that plaintiff does not have understanding and memory or sustained concentration and persistence limitations but does have social interaction limitations including a moderate limitation in the ability to appropriately interact with the public, accept instructions and respond appropriately to criticism, and get along with coworkers. AR 128-29. He also opined plaintiff would have adaptation limitations including a moderate limitation in her ability to respond appropriately to changes in the work setting and would do best in a job where her daily responsibilities were fairly set. AR 129-30. On December 17, 2021, Dr. Johnson opined the same limitations. AR 152-54.

The ALJ found Dr. Kester and Dr. Johnson's opinions to be partially persuasive on the basis that they were partially consistent with and supported by the medical

1  evidence which shows no mental health treatment and improvement with medication.

2  AR 27.

3         Plaintiff argues that the ALJ failed to include Dr. Kester and Dr. Johnson's

4  opinions in the RFC including that plaintiff is moderately limited in her ability to interact

5  with others and adapt and manage herself, and that she may occasionally have issues

6  with attendance and concentration, persistence, or pace. Dkt. 9 at 11.

7         Defendant responds that plaintiff misrepresents Dr. Johnson's full opinion, and

8  the ALJ reasonably included that opinion in the RFC by limiting plaintiff to frequent

9  interactions with coworkers and occasional interactions with the public. Dkt. 11 at 17.

10  Dr. Johnson opined that plaintiff does not have sustained concentration and persistence

11  limitations and explained this, stating:

12         claimant is capable of sustaining an SGA level work schedule without significant
           interruptions from current MH symptoms. Her focus on being disabled and
13         unable to work, due to physical/pain issues, along with no formal mental health
           treatment may occasionally cause issues with attendance and CPP, but from a
14         psychological standpoint, she is deemed able to sustain.

15  AR 153.

16         The full quotation from Dr. Johnson is consistent with the limitations contained in the

17  RFC; the ALJ did not fail to include the opinions of these doctors regarding sustained

18  concentration and persistence limitations because these doctors did not opine that

19  plaintiff had these limitations.

20  **2. Plaintiff's statements regarding subjective symptoms**

21         Plaintiff challenges the ALJ's assessment of her testimony because the ALJ

22  failed to provide specific, clear, and convincing reasons for rejecting her testimony. Dkt.

23  9 at 16.

24

25
                                          15

The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ may only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

On September 3, 2020, plaintiff completed a "Function Report – Adult" form. AR 352-59. She stated that she is extremely and continuously exhausted and tired which makes it difficult to concentrate. AR 352. She stated that her conditions limit her from standing. AR 353. She stated that she can lift no more than ten pounds, cannot squat, kneel, climb stairs, stand in place for more than 5-10 minutes, walk or sit for long periods of time. AR 357. She stated that it is hard to complete tasks, her memory and concentration are affected by exhaustion, her hands hurt and cramp when she uses them too much. *Id*.

At the hearing, she testified that she lives with her sister and they help each other. AR 49-50. She testified that she is unable to exercise. AR 50. She testified that she has a car, but she leaves the house mainly for grocery shopping. AR 51. In her free time she lays down, tries to watch TV or read a book, make greeting cards, and listen to music. AR 51-52.

1     She testified that she has severe lower body pain that inhibits her from standing

2  for more than ten minutes before she needs to sit down, and she starts getting woozy

3  and sweating profusely from the pain if she stands for too long. AR 58. She further

4  testified that she gets extreme weakness in her right knee if she stands too long which

5  has caused her to fall. AR 58. She stated that she gets extreme pain for sitting too long

6  and will get cold sweats from the pain. AR 59-60. She stated on a good day she can

7  walk a few hundred feet. AR 62. She testified she can lift ten pounds and carry no more

8  than five pounds. *Id.*

9     The ALJ's decision summarized the treatment record, concluding that (1)

10  physical examination findings were primarily unremarkable and "inconsistent with the

11  degree of limitations asserted," (2) the medical evidence showed improvement with

12  conservative treatment, (3) plaintiff's mental health symptoms were not as limiting as

13  alleged, and (4) there was a lack of mental health treatment and in other medical

14  appointments plaintiff presented largely unremarkably. AR 23-26.

15     As for the ALJ's first reason, "[c]ontradiction with the medical record is a sufficient

16  basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec.*

17  *Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428,

18  1434 (9th Cir.1995)). But an ALJ may not reject a claimant's subjective symptom

19  testimony "solely on a lack of objective medical evidence to fully corroborate the alleged

20  severity of pain." *Bunnell v. Sullivan,* 947 F.2d 341, 345 (9th Cir. 1991); *Byrnes v.*

21  *Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints

22  other than pain). Treatment records cannot be cherry-picked; the ALJ must consider a

23

24

25

particular record of treatment in light of the overall diagnostic record. *Ghanim v. Colvin,* 763 F.3d at 1164.

Plaintiff restates her argument that the ALJ did not properly evaluate the medical evidence as he did not properly evaluate the findings and opinion of Dr. Orencia, Ms. Washington, Dr. Clark, Dr. Veith, Dr. Jackman, Dr. Van Bergeyk, Dr. Charboneau, and Dr. Alradawi. Dkt. 9 at 12. This argument is unavailing – the Court has already determined that the ALJ did not err in evaluating the medical opinions. Plaintiff also argues that the ALJ erred by rejecting plaintiff's statements about her fibromyalgia, arguing that the objective findings cited by the ALJ are consistent with a diagnosis of fibromyalgia, citing *Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017).

Social Security Administration regulations recommend looking at longitudinal records because the symptoms of fibromyalgia "wax and wane," and a person may have "bad days and good days." SSR 12-2p at *6. *See also Revels,* 874 F.3d at 663. In this case, the ALJ considered the longitudinal record and concluded that plaintiff's limitations were not as severe as she described. *See* AR 23-26. Contrary to plaintiff's contention, the ALJ did not rely on normal objective findings to discount her fibromyalgia, but accounted for findings that both supported and did not support plaintiff's statements, and determined that examination findings were primarily unremarkable and inconsistent with the degree of limitation asserted. *See* AR 22-24. As stated above, the ALJ provided a thorough summary of the medical evidence, citing evidence where, on examination, plaintiff ambulated without difficulty, demonstrated normal strength, normal reflexes, and intact sensation. AR 23-24 (citing AR 500, 557, 583, 591, 598, 605, 626, 673, 695, 1338-39, 1354, 1361, 1368-69, and 1444-45).

1    Additionally, the ALJ considered that plaintiff showed improvement with

2  conservative treatment, citing plaintiff's own reports to providers that her symptoms

3  improved with massage therapy, medication such as meloxicam and Cymbalta, and

4  orthovisc injections. AR 24-25 (citing AR 500, 501, 626, 1324, 1328, 1334, 1363, 1392,

5  1439, 1512).

6    A finding that a claimant's impairments are successfully managed with

7  conservative treatment can serve as a clear and convincing reason for discounting a

8  claimant's testimony. *See* 20 C.F.R. § 416.929(c)(3)(iv) (the effectiveness of medication

9  and treatment are relevant to the evaluation of a claimant's alleged symptoms);

10  *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence of medical treatment

11  successfully relieving symptoms can undermine a claim of disability); *Tommasetti v.*

12  *Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481 F.3d 742, 750–

13  51 (9th Cir.2007) (stating that "evidence of 'conservative treatment' is sufficient to

14  discount a claimant's testimony regarding severity of an impairment").

15    Therefore, because the ALJ provided specific, clear, and convincing reasons for

16  discounting plaintiff's subjective symptom testimony, the Court need not consider the

17  remaining reasons for discounting plaintiff's testimony given by the ALJ, as any error

18  with respect to those reasons would be harmless. *See Molina v. Astrue*, 674 F.3d 1104,

19  1115 (9th Cir. 2012) ("[W]here the ALJ provided one or more invalid reasons for

20  disbelieving a claimant's testimony, but also provided valid reasons that were supported

21  by the record," "an error is harmless so long as there remains substantial evidence

22  supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's

23  ultimate conclusion.'").

24

25

### 3. Lay witness evidence

Plaintiff challenges the ALJ's assessment of plaintiff's sister, Brigit P., arguing that the ALJ did not state any convincing reason for rejecting Brigit's testimony. Dkt. 9 at 16-18.

For cases filed prior to March 27, 2017, the Court would uphold the ALJ's decision to discount the opinion of a non-acceptable medical source, such as a friend or a family member, if the ALJ provided "reasons germane to each witness for doing so." *Turner v. Commissioner of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); 20 C.F.R. § 404.1502.

For applications filed on or after March 27, 2017, such as this one, an ALJ is "not required to articulate" how he or she evaluated evidence from non-medical sources such as educational personnel, public and private social welfare agency personnel, and other lay witnesses. 20 C.F.R. § 404.1502(e). When lay witness testimony includes similar limitations as the claimant's testimony, an "ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony." *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012).

The ALJ determined that Brigit's observations were not more persuasive than the accumulated medical evidence and were unpersuasive for the same reason that plaintiff's testimony was unpersuasive, they were inconsistent with and unsupported by the medical record. AR 28.

Here, plaintiff's sister testified, and provided a written report, that plaintiff could do very few household chores. AR 66-68. She testified that when they need to leave the house, plaintiff cannot walk unaided, and when she starts sweating from pain they need

to leave. AR 67. She testified that on plaintiff's better days she is not sleeping all day.
AR 68. The information provided by plaintiff's sister relates to similar limitations as
information provided by plaintiff herself. Because the Court found that the ALJ properly
rejected plaintiff's testimony due to its inconsistency with objective medical evidence
and improvement with conservative treatment, it follows that these same reasons are
sufficient to properly reject the lay witness testimony. *See Molina*, 674 F.3d at 1117.
Accordingly, the Court finds the ALJ did not err in rejecting the lay witness testimony.

### 4. Whether the RFC is sufficient

Plaintiff alleges that the ALJ's RFC is legally erroneous because it does not
include all of the limitations described by Dr. Orencia, Ms. Washington, Dr. Clark, Dr.
Veith, and the limitations described by plaintiff and her sister. Dkt. 9 at 18. However,
because the Court has already determined that the ALJ did not err in rejecting these
opinions, there is no error.

CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ properly
determined plaintiff to be not disabled. Therefore, the ALJ's decision is <u>AFFIRMED.</u>


Dated this 5th day of July, 2024.

Theresa L. Fricke
United States Magistrate Judge